UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20521-CIV-ALTONAGA

**VICTOR MOREIRA MANTUANO**,

    Petitioner,
v.

**CHARLES PARRA, ASSISTANT FIELD OFFICE DIRECTOR, KROME NORTH PROCESSING CENTER**, *et al.*,

    Respondents.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On January 27, 2026, Petitioner, Victor Moreira Mantuano filed a Petition for Writ of Habeas Corpus [ECF No. 1], challenging his detention at the Krome Detention Center in Miami, Florida without having been afforded an individualized bond determination. (*See generally id.*). Respondents filed a Response [ECF No. 6]; to which Petitioner filed a Reply [ECF No. 8].

Upon review of the parties' filings, the Court has determined it would benefit from supplemental briefing. No party has addressed the effect of Petitioner's parole on the mandatory detention provision at 8 U.S.C. section 1225(b)(1)(B)(ii) — the authority Respondents contend governs their detention of Petitioner. (*See generally* Pet.; Resp.; Reply; *but cf.* Not. of Supp. Authority [ECF No. 7]). This issue is the subject of recent litigation, *see, e.g.*, *Cabrera Martinez v. Marich*, No. 25-cv-1110, 2025 WL 3771228 (W.D.N.Y. Dec. 31, 2025); *Qasemi v. Francis*, No. 25-cv-10029, 2025 WL 3654098 (S.D.N.Y. Dec. 17, 2025); *Abdirashid H. M. v. Noem*, No. 25-4779, 2026 WL 127698 (D. Minn. Jan. 9, 2026); *Tenemasa-Lema v. Hyde*, No. 25-13029, 2025 WL 3280555 (D. Mass. Nov. 25, 2025); *Chanaguano Caiza v. Scott*, No. 25-cv-00500, 2025 WL

CASE NO. 26-20521-CIV-ALTONAGA/Reid

3013081 (D. Me. Oct. 28, 2025), which is distinct from the litigation the parties cite (*see* Pet. ¶ 34 (collecting cases); Resp. 7 n.2 (citations omitted); Reply 3–5 (collecting cases)).

The parties similarly fail to brief the parole issue with respect to Count III, Petitioner's due process claim. (*See* Pet. ¶¶ 55–59; *see also generally* Pet.; Resp.; Reply).

Accordingly, it is

**ORDERED** that on or before **March 2, 2026**, Petitioner, Victor Moreira Mantuano and Respondents shall each submit a supplemental memorandum of law addressing the effect of parole on the plain text of 8 U.S.C. section 1225(b)(1)(B)(ii) and on Petitioner's due process rights under the Fifth Amendment. The parties' memoranda should focus on:

1. whether Respondents may detain Petitioner without a bond hearing under 8 U.S.C. section 1225(b)(1)(B)(ii), although Respondents released Petitioner on parole and that parole had expired upon Petitioner's re-detention; and

2. whether Petitioner is entitled to a bond hearing under the Fifth Amendment to the U.S. Constitution in light of Petitioner's parole and his continued presence in the United States after its expiration.

**DONE AND ORDERED** in Miami, Florida, this 18th day of February, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record